IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | Case No. 1:21-CR-00298-LEK |
| § | |
| DEREK R. SCHWARTZ § | |

## DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR NON-GUIDELINE SENTENCE

Defendant, DEREK R. SCHWARTZ, by and through counsel, submits the following memorandum and request for a non-guideline sentence to the Court for consideration. 18 U.S.C. § 3553(a)(1) codifies the fundamental principle that the Court is to sentence a human being and not merely his misdeeds. As grounds therefore, Defendant states as follows:

### INTRODUCTION

The Court in *United States v. Adelson*, 441 F.Supp.2d 506 S.D.NY (2006), says it eloquently that a Court should consider the history and characteristics of the Defendant at sentencing:

> "But, surely, if ever a man is to receive credit for the good he has done, and his immediate misconduct assessed in the context of his overall life hitherto, it should be at the moment of his sentencing, when his very future hangs in the balance. This elementary principle of weighing the good with the bad, which is basic to all the great religions, moral philosophies, and systems of justice, was plainly part of what Congress had in mind when it directed courts to consider, as a necessary sentencing factor, 'the history and characteristics of the defendant."

*Adelson* at 513-514.

As this Honorable Court reviews this memo and the sentencing materials, it will be obvious that Derek Schwartz is a good man who as an employee of Valuewise and Michael Mann used awfully bad judgment. He now faces the consequences of his bad judgment and the criminal scheme in which he participated. Counsel for Mr. Schwartz respectfully asks this Honorable Court in deciding those consequences to also to consider his history of service to others and exemplary

character. Ultimately this breach of his judgment should not do away with a lifetime of good deeds and selflessness.

For the reasons set forth in detail below, consideration of the 18 U.S.C. § 3553(a) factors as applied to the unique facts and circumstances of this case demonstrates that a non-guideline sentence is appropriate for Derek Schwartz. Post-*Booker*, there is "[n]o limitation . . . on the information concerning the background, character, and conduct of a [defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. Therefore, I urge this Honorable Court to consider the information contained in the Final Presentence Report, the Addendum to the Presentence Report, as well as this Sentencing Memorandum and Motion for a Non-Guideline Sentence. I also ask the Court to consider letters of support from friends and family of the defendant. These letters attest to the characteristics and the numerous positive attributes possessed by Derek Schwartz. In sum, I ask the Court to fully examine all of his characteristics when determining what an equitable sentence should be in this case.

## History and Characteristics of Derek Schwartz

Derek Schwartz is a 55-year-old man who was born in Pittsburgh, PA, and raised in Chicago, IL. He is the oldest of four children born to his parents' marriage. His father is a retired oral surgeon and lives in Tampa, FL. His mother passed away in 2009 following a heart attack. When he was approximately 11 years old, his parents separated and subsequently divorced. His father remarried, but his mother did not. As a result of his father's second marriage, Derek has two half siblings. When his parents separated, all the children initially lived with their mother. However, their mother struggled with the divorce. Although Derek does not talk about this time of his childhood, it is mentioned throughout the letters written by his siblings as they speak of his caretaking them through difficult and traumatic childhood experiences. When he was an older teenager, his father intervened and his mother got help. Subsequently, he and the oldest of his sisters moved in with their father and his youngest two sisters stayed with their mother. Derek graduated from Homewood-Flossmoor

High School in Flossmoor, IL, in 1987. He then left the Chicago area to attend Washington University in St. Louis, Mo. He earned a Bachelor of Science degree in Business Administration from this institution in 1991.

In 1998, Derek married and has one child. He and his wife separated in August 2020 and divorced in December 2021. They share custody of their daughter who will be a freshman in College this fall..

Derek has always been a hard worker. As noted in Paragraph 55 of the Final Presentence Report, he started working at the age of 12 as a golf caddy and mowing lawns. He worked through high school and college selling stationary, as a cook, busboy, and a painter. After college he went into the business world and the consulting industry. He worked for eLoyalty, Arthur Anderson, and the Contemporary Group before he obtained a position with Optum.  It was in approximately 2004, while he was working for eLoyalty that Derek met Michael Mann. Derek left eLoyalty and then worked for Optum, a division of UnitedHealth Group. Derek worked for Optum/UHG from 2008 to 2013. During the time Derek was with Optum/UHG, he underwent five major surgeries on his hips. Specifically, he underwent four hip replacement procedures on his right hip and one on his left hip. When he left Optum/UHG in 2013, he was homebound, in chronic pain, and on a walker.

Michael Mann offered Derek a job at ValueWise/TrueHR and Derek began working for him, from his home in Dallas, Texas, in January 2014. Derek's health did not drastically improve when he was employed by ValueWise. As detailed in the next section, he does not provide these details to minimize his involvement, but to supply context into his activities and his relationship with Michael Mann.

On August 19, 2021, an Indictment was filed against Derek Schwartz. He subsequently appeared before this Honorable Court pursuant to a summons and then pled guilty to each count of the Indictment. He has accepted full responsibility for his involvement in the offenses of conviction and is now appearing for sentencing.

**DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR NON-GUIDELINE SENTENCE - Page 3**

**Advisory Sentencing Guidelines**

The advisory sentencing guidelines as calculated in the Final Presentence Report have Derek Schwartz facing an imprisonment sentence of 78 to 97 months. Counsel for Mr. Schwartz has submitted objections to the guideline calculations which, if sustained, would result in a significantly lower guideline range. These objections primarily revolve around the scope of Derek's involvement and role in the offenses. Regardless, a custodial sentence is not required to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a). The Second Circuit and District Courts around the nation have applied downward departures when adherence to a guideline sentence would be overly punitive and unnecessary to meet the sentencing objectives. Specifically, downward departures have been applied when courts have determined a strict guideline sentence was unnecessary to deter a defendant from future criminal activity or to protect the financial community from the future commission of financial crimes.

## 18 U.S.C. § 3553(A) FACTORS AND THE NEED FOR A REASONABLE SENTENCE

The Court has the authority to sentence Derek Schwartz outside the calculated advisory guideline range pursuant to 18 U.S.C. § 3553(a). Based upon his response to the offense and his history and characteristics, a non-guideline sentence is sufficient, but not greater than necessary to achieve the goals set forth in 18 U.S.C. § 3553(a)(2).

Pursuant to 18 U.S.C. § 3553(a), when imposing a sentence, the Court shall consider the history and characteristics of the defendant and the nature and circumstances of the offense, and craft a sentence to reflect the seriousness of the offense, to promote respect for the law, and provide just punishment; afford adequate deterrence; protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

**Nature and Circumstances of the Offenses**

Derek Schwartz and Luke Steiner were similarly situated participants in this conspiracy and, as such, they should be sentenced similarly. The Offense Conduct portion of the Final Presentence Report makes the Nature and Circumstances of the Offenses very clear and supports the idea that Derek Schwartz and Luke Steiner were similarly situated and deserve similar sentences. These paragraphs (10 through 16) demonstrate that "Michael Mann ran a complex scheme which caused more than $100,000,000 in losses to banks, financing companies, and other businesses, and also involved his misappropriation of millions of dollars entrusted to payroll companies that he owned." Out of this, "Derek Schwartz assisted Michael T. Mann in this scheme by, as an employee at ValueWise and True HR, asking Optum employees, including Luke Steiner, to verify false invoices Mann submitted to the financing companies were valid and payable by Optum."

The Nature and Circumstances of the Offenses show that the roles of Derek and Luke Steiner were much more equivalent than Derek and Michael Mann. The most glaring factor to support this is the loss amount. Both Luke and Derek are held accountable for the exact same loss amounts to the exact same two victims. This is concrete evidence that their involvement was on some level, equivalent. Derek had been Luke Steiner's supervisor at one point while they were both at Optum/UHG. He was not Steiner's supervisor during the instant federal offenses. Any "supervision" or direction consisted of Derek forwarding emails or instructions from Michael Mann. The discovery shows, after a time, Mann stopped using Derek as a conduit and communicated to Luke directly. Derek had no independent authority over any other codefendant. Also, Derek received a salary just like any other Valuewise employee. A way Derek's activity differed from Luke's was in duration. Derek was involved in the criminal endeavor for a shorter time frame. As noted in the Offense Conduct portion of the Presentence Report (see Paragraph 8(ff)), Derek's last communication to one of the victim financing companies was January 25, 2018. He acknowledges that he engaged in one further electronic communication exchange with Mann in July 2018. However, that was the end of his participation in the offenses charged in the Indictment. Derek was not involved in the offenses

of conviction after July 2018. Nevertheless, Mann and Steiner continued the offenses until August 2019.

Derek's involvement with the conspiracy was between 2013 and 2018 while Luke's was from 2013 to 2019. The investigation revealed that Derek verified approximately 30 checks in total while Luke verified many more invoices. Derek does not point this out to deny his involvement. He takes full responsibility for his actions. However, as noted previously, between 2007 and 2013, Derek had six surgical procedures on his hips. Then in 2018, he underwent 4 surgical procedures on his left elbow. Between 2013 and 2018, Derek was not well; physically or emotionally. The investigative material is rife with Michael Mann reminding Derek of what he is supposed to be doing and Michael trying to verify Derek is doing what Michael is asking of him. When Mann is eventually caught and begins cooperating with investigators, he admits that he ultimately stopped using Derek. For example, Michael admitted to case agents that Derek "had become unreliable" and that he had "stopped using him." Michael stated, "I pulled Derek out of it." Instead of using Derek to verify checks after July 2018, he created and used false and alias identities to do those actions. Michael Mann's statements, combined with the lack of evidence of the Defendant's involvement combine to show by the preponderance of the evidence that Derek Schwartz had stopped participating in the scheme by July 2018.

Derek Schwartz did actual legitimate work while employed by Mann. Not everything was fraudulent. Some of the character letters are from TrueHR coworkers that praise Derek and ask the Court for leniency. For example, one former employee, writes stating she worked for TrueHR as a payroll specialist and had a "strong respect for Derek because he cared about me and the other team members as individuals. Derek demonstrated empathy, honesty, and kindness while I had the pleasure of working with him at TrueHR. He was genuinely concerned for the well-being of his employees and the company."

**18 U.S.C. § 3553(a): Nature and Circumstances of the Offense, Characteristics of the Defendant, and Post Offense Rehabilitation**

The Court must fashion a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). Derek Schwartz does not require a guideline sentence to achieve the § 3553(a) goals.

**Seriousness of the Offense, Respect for the Law, and Just Punishment**

A non-guideline, sentence is warranted in this case. The sentence imposed must reflect the seriousness of the offense, promote respect for the law, and provide just punishment. Derek Schwartz knows his offense is serious and he understands the Court must impose a significant sentence. A guideline sentence of imprisonment is greater than necessary to show Derek the seriousness of the offense, promote respect for the law, and impose just punishment. A non-guideline sentence is sufficient, but not greater than necessary to achieve this end.

Restitution is mandatory and financial consequences are an important part of the sentence that figures into just punishment. Derek has engaged in one significant activity that reflects his awareness of the seriousness of the offense, his respect for the law, and has punished him and his family. Specifically, he has liquidated assets, downsized his home and lifestyle, and altered his financial profile so that restitution can begin to be made. At the date of sentencing, Derek Schwartz will present a check for $1,000,000 to the Clerk of the Court. This amount reflects his approximate gross salary during his time at Valuewise. He did not share in the profits of Mr. Mann's fraud, he was an employee and received a salary. He is fully aware the entire amount will be due and owing; however, he makes this as a demonstration of his of acceptance of responsibility and his sincerity and remorse. According to the Presentence Report, this amount represents one-third of his net worth and. Pursuant to *Pepper v. U.S.*, 131 S.Ct. 1229 (2011), a District Court may consider evidence of the defendant's post-sentencing rehabilitation, and such evidence may, in appropriate cases, support a downward variance from the sentencing guidelines.

**Deterrence to Criminal Conduct**

The sentence imposed must also afford adequate deterrence to criminal conduct. Derek Schwartz acknowledges that his sentence must be sufficient to afford adequate deterrence. His involvement in this offense has led to a felony conviction that will impact his life, his family, and a financially secure future he has spent his life working hard to ensure. As evidenced by the letters written by his friends and family, he personally told his family members, his friends, rabbis, and colleagues, about his involvement in the instant offense and his felony conviction. He has not tried to hide. These seem like trivial consequences, but they are lifestyle changes that have impacted Derek's life and have and continue to serve as deterrence to criminal conduct. He has suffered private and public embarrassment and shame due to his criminal activity. These collateral consequences serve as additional deterrence to criminal conduct that should be considered when imposing sentence on Derek Schwartz.

**Protection of the Public**

The sentence imposed should protect the public from future crimes. Derek Schwartz is not a threat to the public. He is not a danger to the financial community. He is in Criminal History Category I and, should the Court sustain his objections related to his role and his involvement in causing substantial financial hardship, he is a Zero-Point Offender under USSG §4C1.1.

Pursuant to USSG §5C1.1, comment. (n.10(A)), if a defendant receives an adjustment under USSG §4C1.1 (for Zero Point Offenders) and his applicable guideline range is in Zone A or B of the Sentencing Table, a sentence other than a sentence of imprisonment is generally appropriate. However, in the event his guideline range does not reach to Zone A or B, USSG §5C1.1, comment. (n.10(B)) states that a departure, including a departure to a sentence other than a sentence of imprisonment, may be appropriate if the defendant received an adjustment under §4C1.1 (for Zero Point Offenders) and his applicable guideline range overstates the gravity of the offense because the

offense of conviction is not a crime of violence or otherwise serious offense. Based upon this commentary, Derek asserts a non-guideline sentence can be supported in his case.

As evidenced by his life and history and the myriad letters of support from his family and friends, a sentence of imprisonment is not necessary to protect the public from any future crimes of the defendant. As noted above, 18 U.S.C. § 3553 requires consideration of "the need for the sentence imposed… to protect the public from further crimes of the defendant…" In this regard, the Supreme Court has indicated that "the likelihood that [a defendant] will engage in further criminal conduc" is "a central factor that district courts must assess when imposing sentence." *Pepper v. United States*, 562 U.S. 476, 492 (2011).

**Educational/Vocational Training, Medical Care, and Correctional Treatment**

The sentence imposed should provide needed educational/vocational training, medical care, or other correctional treatment in the most effective manner. Derek Schwartz is not in need of any rehabilitative programming. However, of note is a statement in a letter from his rabbis. In their letters, they state, "in the sacred Jewish practice called 'teshuva' (meaning 'repentance' or 'return'), Derek has expressed regret, pursued insight, and sought the advice of trusted Temple clergy, congregants, and friends." This is a sign of his active engagement in community rehabilitative programing.

**Unwarranted Sentencing Disparities**

The sentence imposed should avoid unwarranted sentence disparities. Counsel for Mr. Schwartz maintains Schwartz is similarly situated to Luke Steiner. Therefore, their sentences should be similar. Derek understands that the Court must guard against unwarranted sentencing disparities, especially when it comes to white-collar crimes. He also understands that Steiner received a Motion from the government pursuant to USSG §5K1.1 that was not afforded to him. However, he asks the Court to view his payment of partial restitution in an amount that is greater than the salary he made during his tenure with Valuewise and TrueHR and in an amount that is currently one-third of his net

worth as a testament of his remorse and acceptance of responsibility. He urges the Court to consider the nature and circumstances of his crime and his post-offense attempts to remediate the damage and impose a sentence significantly below the advisory guideline range.

**Conclusion**

The advisory sentencing guidelines as calculated in the Final Presentence Report have Derek Schwartz facing an imprisonment sentence of 78 to 97 months. Counsel for Mr. Schwartz has submitted objections to the guideline calculations which, if sustained, would result in him being classified as a Zero-Point Offender with a guideline range of 41 to 51 months. This memorandum has hopefully shown this Honorable Court Derek Schwartz is a good man who, as an employee of Valuewise and Michael Mann, used extremely poor judgment. He does not require a guideline sentence of imprisonment to afford adequate deterrence to criminal conduct or to protect the public. He does not have any educational, vocational, or treatment needs. He does not require a sentence of imprisonment to provide restitution to victims of the offense. His payment of $1,000,000 in partial fulfillment of the mandatory restitution, at the time of sentencing, is a concrete example of post offense rehabilitation that demonstrates his knowledge of the seriousness of the offense, his respect for the laws of the United States, and is a significant and just punishment All of these factors combine to show this Court that a custodial sentence is not required to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a) in his case. Based upon the foregoing analysis, Derek Schwartz prays that this Court will sentence him to a non-guideline sentence which is sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and provide just punishment; afford adequate deterrence; and to protect the public from further crimes of the defendant.

Respectfully submitted,

BURLESON, PATE & GIBSON, L.L.P.

*/s/ Michael P. Gibson*

_____
MICHAEL P. GIBSON
TEXAS BAR CARD NO. 07871500
NEW YORK BAR ROLL NO. 301836

900 Jackson Street, Suite 330
Dallas, Texas  75202
Telephone:  (214) 871-4900
Facsimile:  (214) 871-7543
Email:  mgibson@bp-g.com

COUNSEL FOR DEFENDANT
DEREK R. SCHWARTZ

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing motion was delivered by ECF filing to Michael Barnett and Cyrus Rieck, the Assistant United States Attorneys in charge of this case, on this the 7th day of August, 2024.

*/s/ Michael P. Gibson*

_____
MICHAEL P. GIBSON