UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,


-against-                                                    21-CR-298-LEK

DEREK R. SCHWARTZ

                          Defendant.

_____

### MEMORANDUM-DECISION AND ORDER

**I.      INTRODUCTION**

On September 21, 2023, Defendant Derek R. Schwartz pled guilty to conspiracy to

commit wire fraud and four counts of wire fraud. *See* Dkt. No. 1 at 2–12 ("Indictment"); Dkt.

No. 65 at 1 ("Judgment"). On September 4, 2024, this Court sentenced Defendant to seventy-two

months imprisonment and ordered Defendant to pay $12,968,505.22 in restitution to Millenium

Funding and P2Bi Holdings, LLC ("P2Bi"). Judgment at 2, 6. "Restitution [was] due

immediately, with any remaining restitution payable at a minimal rate of at least $2,000 per

month both during imprisonment and upon release." *Id.* at 7.

Defendant's outstanding balance is $9,858,313.92. *See* Dkt. No. 100-1 at 2 ("Payment

History"). He has made $2,876,581.51 in payments. *Id.* at 3. Defendant is expected to be released

on August 23, 2029. Dkt. No. 100 ("Response") at 2.

Defendant files two motions. *See* Dkt. No. 95 ("Motion"). First, Defendant requests a

modification of his restitution order so that he would not have to pay restitution while

incarcerated, or, alternatively, $25 per month. *Id.* at 2; *see* Dkt. No. 103 at 2 ("Reply"). Second,

Defendant requests that Aion Acquisition, LLC ("Aion"), the now-owner of P2Bi, submit for *en*

*camera* review its settlement agreement with UnitedHealth Group. *Id.* at 2–3. The Government opposes Defendant's modification motion. Resp. at 2–8. The Government also requests that it be granted leave to submit the settlement agreement between UnitedHealth Group and Aion under seal. *Id.* at 10. The Court addresses each issue in turn.

## II.    MODIFICATION OF RESTITUION ORDER

By statute, this Court is permitted, upon notification of a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution[,] . . . [to] adjust the payment schedule . . . as the interests of justice require." 18 U.S.C. § 3664(k). The Defendant must show, by the preponderance of the evidence, that this change in circumstance occurred. *See Poltenson v. United States*, No. 3:23CV479 (VLB), 2023 WL 7130241, at *5 (D. Conn. Oct. 29, 2023); *United States v. Taniguchi*, No. 2:00-CR-00050, 2014 WL 907243, at *1 (S.D. Ohio Mar. 7, 2014). "Before adjusting the schedule for payment, the court must receive a certification from the Attorney General that those owed restitution have been informed of the defendant's changed circumstances." *United States v. Grant*, 235 F.3d 95, 100 (2d Cir. 2000). Identifying a change in circumstance requires an "objective comparison of a defendant's financial condition before and after a sentence is imposed." *Id.*

With respect to his changed circumstances, Defendant states that he "has very little support from his family and the Department of Justice has garnished his assets and foreclosed his ability to pay regular restitution payments. At the present, $300.00 is taken from his account in the Bureau of Prisons each month." Mot. at 2. Additionally, he notes that he is in prison, and "is working 2 jobs and volunteering in other programs. He has no income or source of funds with which to meet his current financial responsibility pursuant to the judgment." Reply at 2.

This Court finds that no material change in economic circumstances occurred. As the Government explains, "the Court ordered Schwartz to serve a prison sentence. He is now serving the prison sentence. This, his incarceration was anticipated when restitution was imposed and does not qualify as a material change in economic circumstance." Resp. at 5. Defendant has not claimed any change in economic circumstances other than those that would necessarily follow from his incarceration and the restitution payments he has made. *See* Mot. at 2; Reply at 2. Such changes cannot serve as the basis for a § 3664(k) modification, as they were contemplated by this Court at sentencing. *See United States v. Tagliaferro*, No. 19 CR. 472 (LAP), 2025 WL 2065193, at *6 (S.D.N.Y. July 23, 2025) (holding that circumstances "considered at the time that the . . . order was imposed" do not constitute changed economic circumstances under § 3664(k)). Defendant's Motion to modify his restitution payments is therefore denied.

## III.   EN CAMERA REVIEW

Defendant "requests the new owner of P2Bi Holdings submit *en camera* the details of the settlement with United Health Group." Mot. at 3. The Government, alternatively, "requests that leave be granted so that a copy of the confidential settlement agreement . . . be filed under seal." Resp. at 10. As the settlement terms may affect the proper recipient of restitution, *see* Resp. at 8–9, the Court hereby grants the Government leave to file the settlement agreement between UnitedHealth Group and Aion under seal for the Court's review. The Court therefore denies Defendant's motion to have Aion submit the settlement, since the Government—a party to this case—is able to do so.

The Court recognizes that the Government's position is that "UnitedHealth Group should be substituted in as a victim for the total sum of the settlement paid to Aion and that no payment shall be made to UnitedHealth Group until all restitution is paid in full to the victims listed in the

original restitution order." Resp. at 9. The Court also recognizes that Defendant's position is that the amount of the settlement should be credited to Defendant and the other individuals with whom he shares joint and several liability. Reply at 2–3. In the alternative, Defendant "requests that the Court allow all of the parties [to] address the Court through a hearing or additional briefing." Reply at 3.

The Court requests that the Government provide a proposed order reflecting its proposed victim substitution within twenty-one days. The Government may also at that time provide additional briefing if it wishes, not to exceed fifteen pages. Subsequent to the filing, Defendant shall have twenty-one days to file a brief in opposition, if he wishes, not to exceed fifteen pages. The Government shall then have fourteen days to file a reply brief, if it wishes, not to exceed ten pages.

## IV.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion to Modify the Restitution Order, Dkt. No. 95, is **DENIED**; and it is further

**ORDERED**, that Defendant's Motion to compel Aion Acquisition, LLC to submit the settlement agreement with UnitedHealth Group for *en camera* review, Dkt No. 95, is **DENIED**; and it is further

**ORDRED**, that the Government is granted leave to submit the settlement agreement between Aion Acquisition, LLC and UnitedHealth Group, for *en camera* review, within twenty-one (21) days; and it is further

**ORDERED**, that the Government is granted leave to submit a proposed order and additional briefing, not to exceed fifteen (15) pages, within twenty-one (21) days; and it is further

**ORDERED**, that Defendant shall have twenty-one (21) days to file a brief in response, not to exceed fifteen (15) pages, subsequent to the filing of the settlement agreement; and it is further

**ORDERED**, that the Government shall have fourteen (14) days to file a reply brief, not to exceed ten (10) pages, subsequent to the filing of Defendant's response; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    June 30, 2026
          Albany, New York

LAWRENCE E. KAHN
United States District Judge